USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 4, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
MAERSK LINE LIMITED, :
:
                      Plaintiff, :    16 Civ. 6272 (KPF)
:
      v. :    OPINION AND ORDER
:
NATIONAL AIR CARGO GROUP, INC., :
:
                      Defendant. :
:
------------------------------------------------------------- X

KATHERINE POLK FAILLA, District Judge:

      Pending before the Court is an unopposed motion for summary judgment to confirm a contract arbitration award. (Dkt. #20). For the reasons that follow, the motion is granted in part, with modifications made to the arbitral award's calculation of post-judgment interest.

## FACTUAL BACKGROUND[1]

### A.    The Contract Between the Parties

      Petitioner Maersk Line, Limited ("Maersk"), is a contract maritime carrier of United States government property with a principal place of business in Norfolk, Virginia. (Pet. 56.1 ¶ 1). Respondent National Air Cargo Group, Inc. ("National Air"), is an air carrier and/or air freight forwarder with a principal place of business in Ypsilanti, Michigan. (*Id.* at ¶ 2). On January 25, 2013,

---

[1]    The facts in this Opinion are drawn from Petitioner's Local Rule 56.1 Statement ("Pet. 56.1" (Dkt. #21)), along with the exhibits attached to the declaration of George W. Wright, Petitioner's counsel of record ("Wright Decl., Ex. [ ]" (Dkt. #22)). Citations to Petitioner's Rule 56.1 Statement incorporate by reference the documents cited therein.

the parties consummated a contractual relationship whereby Maersk would transport goods tendered by National Air between United States and foreign ports. (*Id.* at ¶ 3). The contract provides that "the internal laws of the State of New York" shall govern the rights and obligations of the parties under the contract, and it further mandates binding arbitration in the event that the parties cannot settle any dispute related to the contract. (Wright Decl., Ex. 1).

Maersk performed under the contract, providing ocean transportation and container storage and management services to National Air. (Pet. 56.1 ¶ 5). For the period of July 2014 through August 2016, however, National Air failed to pay Maersk for its services, which resulted in the following charges: (i) ocean freight of $572,187.64; (ii) management service fees of $161,100.11; (iii) container demurrage and port storage of $43,342.40; and (iv) container detention fees of $1,025.00. (*Id.* at ¶ 6). This amounts to a sum of $777,655.15, which National Air does not dispute it owes Maersk. (*Id.* at ¶¶ 6-8). Maersk contends National Air also owes pre-award interest at an annual 9% rate accruing during the period of August 1, 2015, through May 31, 2017, resulting in a total of $128,281.14, along with post-award interest at the same rate for any amounts not paid within 30 days of the issuance of the underlying arbitration award. (*See id.* at ¶¶ 10, 15).

**B.     The Arbitration and the Instant Litigation**

Maersk filed a demand for arbitration against National Air on September 21, 2016. (Pl. 56.1 ¶ 11; Wright Decl., Ex. 3). Maersk then filed the complaint in this action on August 8, 2016. (Dkt. #1). After National Air received service,

the parties stipulated to stay the case pending the outcome of the arbitration, and the Court stayed the case on that basis. (*See* Dkt. #13).

On October 6, 2016, National Air responded to Maersk's demand for arbitration by general denial. (Wright Decl., Ex. 3). In response to an order by the arbitration panel, on May 10, 2017, Maersk filed a dispositive motion with the panel, but National Air failed to respond. (Pl. 56.1 ¶¶ 12-13). On June 2, 2017, the panel issued a final award in favor of Maersk, including the principal debt of $777,655.15, pre-award interest of $128,281.14, arbitrator compensation and expenses of $2,020.00, and post-award interest at an annual rate of 9% accruing after 30 days from the date of the award. (*See id.* at ¶ 15). The award totals $907,956.29. (*Id.*). Since its issuance, the award has not been vacated, modified, or corrected. (*Id.* at ¶ 16).

On June 13, 2017, Maersk moved the Court to award it summary judgment and confirm the arbitration award. (Dkt. #20). Since then, National Air has not responded to the motion and the Court has lifted the stay on the litigation. (*See* Dkt. #27). As such, the motion is ripe for the Court's consideration.

## DISCUSSION

**A.    Applicable Law**

**1.    Unopposed Petitions to Confirm Arbitration Awards**

The Federal Arbitration Act provides "a streamlined process" for a party seeking to confirm, vacate, or modify an arbitration award. *Mason Tenders Dist. Council of Greater N.Y. & Long Island* v. *Adalex Grp., Inc.*, No. 13 Civ. 764

(PAE), 2013 WL 5322371, at *2 (S.D.N.Y. Sept. 23, 2013) (internal quotation marks and citation omitted); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Baywood Concrete Corp.*, No. 17 Civ. 1800 (ER), 2017 WL 3207797, at *2 (S.D.N.Y. July 26, 2017) ("[A]n application for a judicial decree confirming an award receives streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." (internal quotation marks omitted) (quoting *Hall St. Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576, 582 (2008)). In furtherance of this streamlined procedure, judicial review of an arbitral award is sharply circumscribed. *See Willemijn Houdstermaatschappij, BV* v. *Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997); *Adalex Grp., Inc.*, 2013 WL 5322371, at *2.

Indeed, "[n]ormally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,'" and under the Federal Arbitration Act, "the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)) (quoting 9 U.S.C. § 9; *Florasynth, Inc.* v. *Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). The movant's burden "is not an onerous one" and requires only "a barely colorable justification for the arbitrator's conclusion." *Neshgold LP* v. *N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 Civ. 2399 (KPF), 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (internal quotation marks omitted) (quoting *N.Y.C.*

*Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *1 (S.D.N.Y. Feb. 3, 2009)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Gottdiener*, 462 F.3d at 110 (quoting *Barbier* v. *Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

### 2. Summary Judgment

Courts within this Circuit approach an unopposed petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions, and the court may not grant the motion without first examining the moving party's submission to determine that it satisfactorily demonstrates the absence of material issues of fact." *Neshgold LP*, 2013 WL 5298332, at *7 (internal quotation marks omitted) (quoting *Gottdiener*, 462 F.3d at 109-10). Under the familiar summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986); *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks and citation omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

5

**B. Analysis**

    **1. The Grounds for the Arbitral Award Are Clear**

Mindful of its deferential posture, the Court finds that the grounds for the arbitral award are readily discernible from the contents of the award. The award contains the arbitrator's factual findings, including the contractual relationship between the parties, Maersk's performance under the contract, an accounting of the charges in arrears discussed *supra*, and National Air's receipt of invoices for those charges without objection. (*See* Wright Decl., Ex. 3). These findings surpass the degree of reasoning courts require to confirm an arbitral award. *See Gottdiener*, 462 F.3d at 110; *cf. Tube City IMS, LLC* v. *Anza Capital Partners, LLC*, 25 F. Supp. 3d 486, 491 (S.D.N.Y. 2014) (confirming arbitration award for return of overpaid invoices). The Court may therefore proceed to consider the arbitrator's basis for awarding Maersk the amounts it sought along with pre- and post-award interest.

    **2. Maersk Is Entitled to a Confirmation of the Total Amount of the Arbitrator's Award Except Its Post-Judgment Interest Rate**

        **i. Principal Debt Amount**

The arbitrator awarded $777,655.15 as a principal debt amount, and the award makes clear that this sum consisted of unpaid charges for ocean freight ($572,187.64); management service fees ($161,100.11); container demurrage and port storage fees ($43,342.40); and container detention fees ($1,025.00). (Wright Decl., Ex. 3). The arbitrator therefore provided more than a "colorable justification" for awarding these amounts. *Gottdiener*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp.* v. *Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d

794, 797 (2d Cir. 1992)); *see also N.Y.C. Dist. Council of Carpenters* v. *WJL Equities Corp.*, 15 Civ. 4560 (KPF), 2015 WL 7571835, at *4 (S.D.N.Y. Nov. 24, 2015) (confirming arbitration award where "findings [were] in line with the written agreement, and [party challenging confirmation] provided no evidence that would draw them into question").

### ii. Interest on the Principal Debt Amount

The Court also confirms the arbitrator's calculated pre-award interest, but the Court only confirms the arbitrator's post-award, *pre-judgment* interest up to the date of the entry of this judgment. As discussed below, Maersk is entitled to *post-judgment* interest as defined by federal statute rather than, as the arbitrator applied, state law.

While pre-award interest is a matter left within an arbitrator's discretion, "post-award pre[-]judgment interest is a matter left with the district court." *Moran* v. *Arcano*, No. 89 Civ. 6717 (CSH), 1990 WL 113121, at *3 (S.D.N.Y. July 27, 1990). Conversely, federal law controls post-judgment interest by statute. *See* 28 U.S.C. § 1961. "The Second Circuit has held that this statute applies equally to a federal judgment confirming an arbitration award, even if the award itself sets a different interest rate." *AXA Versicherung AG* v. *N.H. Ins. Co.*, 962 F. Supp. 2d 509, 512 (S.D.N.Y. 2013) (citing *Carte Blanche (Singapore) Pte., Ltd.* v. *Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 269 (2d Cir. 1989)).

#### a. Pre-Award Interest

As mentioned above, New York law controls the rights and obligations of the parties arising from the contract. (*See* Wright Decl., Ex. 1). In New York,

7

interest accrues at 9% per year, absent alternative statutory directives. N.Y. C.P.L.R. § 5004. The arbitrator granted Maersk pre-award interest of $128,281.14. The annual interest at a rate of 9% on Maersk's total award of $777,655.15 would be $69,989 after rounding up to the nearest dollar. This amounts to a daily interest of approximately $191.75, and multiplying this by 669 days (the time from the middle point of Maersk's unpaid performance, August 1, 2015, to May 31, 2017, the approximate date of the arbitral award), amounts to $128,281.00 after rounding to the nearest whole dollar. *Cf. Coastal Power Int'l, Ltd.* v. *Transcon. Capital Corp.*, 10 F. Supp. 2d 345, 371-72 (S.D.N.Y. 1998) (setting "reasonable intermediate start date" at May 15, 1996, to calculate pre-award interest, where damages accrued from June 26, 1995, through November 1, 1995, and December 6, 1995, through July 5, 1996), *aff'd*, 182 F.3d 163 (2d Cir. 1999).[2] The Court may thus infer the grounds for the arbitrator's decision from the facts in the record and confirms the total pre-award interest of $128,281.14. *See Gottdiener*, 462 F.3d at 110.

---

[2] Instead of an August 1, 2015 start date for calculating pre-award interest, the arbitral award states that the "intermediate start date during the relevant service period" is "August 1, *2016*." (Wright Decl., Ex. 3 (emphasis added)). This was likely a typographical error: August 1, 2016, would neither be the middle point of the relevant period nor provide an arithmetical basis for the amount of the arbitrator's pre-award interest. This discrepancy, however, is of no moment. *See Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds* v. *Lazzaro Assocs., Inc.*, No. 12 Civ. 5651 (ADS) (WDW), 2014 WL 4175859, at *6 (E.D.N.Y. July 15, 2014) ("Even where it is unclear what formula or percentage the arbitrator used in reaching an amount, if the court can infer that the arbitrator had some basis — documentary, testimonial, or otherwise — on which to determine the amount of interest, that amount should be awarded." (internal quotation marks and citation omitted)), *report and recommendation adopted*, No. 12 Civ. 5651 (ADS) (SIL), 2014 WL 4175868 (E.D.N.Y. Aug. 20, 2014).

### b. Post-Award, Pre-Judgment Interest

Likewise, the Court confirms the arbitrator's calculation of post-award interest for any amounts unpaid within 30 days of the date of the arbitral award — but only to the date of the entry of judgment in this case — at an annual rate of 9%. "Post-award, pre[-]judgment interest is generally awarded at the discretion of the district court, and there is a presumption in favor of awarding such interest." *In re Arbitration Between Westchester Fire Ins. Co.* v. *Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 226-27 (S.D.N.Y. 2005) (citing *In re Waterside Ocean Navigation Co.* v. *Int'l Navigation, Ltd.*, 737 F.2d 150, 153-54 (2d Cir. 1984); *Irving R. Boody & Co.* v. *Win Holdings Int'l, Inc.,* 213 F. Supp. 2d 378, 383 (S.D.N.Y. 2002)). A district court bestowed with federal-question jurisdiction assesses the rate of post-award, pre-judgment interest as a matter federal law despite the lack of a federal statute controlling pre-judgment interest. *See Sarhank Grp.* v. *Oracle Corp.*, No. 01 Civ. 1285 (DAB), 2004 WL 324881, at *4 (S.D.N.Y. Feb. 19, 2004) (quoting *Jones* v. *UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000)) (citing *In re Waterside Ocean Navigation Co.*, 737 F.2d at 153-54; *In Matter of Arbitration Between P.M.I. Trading Ltd.* v. *Farstad Oil, Inc.*, No. 00 Civ. 7120 (RLC), 2001 WL 38282, at *1 (S.D.N.Y. Jan. 16, 2001)).

A district court considering an award of pre-judgment interest must settle on a rate that compensates for the award's diminution in value over time while not overcompensating the petitioner. *Sarhank Grp.*, 2004 WL 324881, at *4. Overall, courts should award prejudgment interest if doing so would be

"fair, equitable and necessary to compensate the wronged party fully." *Wickham Contracting Co.* v. *Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 955 F.2d 831, 835 (2d Cir. 1992) (collecting cases). The Court finds that the arbitrator's calculation of post-award, pre-judgment interest at a rate of 9% satisfies these considerations given the parties' selection of New York law as controlling the rights and liabilities arising from their contract. The Court thus confirms the arbitrator's selection of a 9% interest rate for the post-award, pre-judgment period from July 2, 2017, 30 days after the issuance of the arbitral award, up to the date of entry of this judgment.

### c. Post-Judgment Interest

The parties' selection of New York law does not, however, supplant the statutorily defined post-judgment interest rate applicable to federal judgments. "Section 1961 of Title 28 establishes the rate of interest that is to be paid 'on any money judgment in a civil case recovered in a district court,' linking that rate to the rate of interest the government pays on money it borrows by means of Treasury bills." *Jones*, 223 F.3d at 139 (quoting 28 U.S.C. § 1961(a)). The Second Circuit has established that although parties may depart from § 1961's applicable interest rate by contract, "they [must] do so through 'clear, unambiguous and unequivocal language.'" *AXA Versicherung AG*, 962 F. Supp. 2d at 512 (quoting *Westinghouse Credit Corp.* v. *D'Urso,* 371 F.3d 96, 102 (2d Cir. 2004)). Indeed, "[m]ost fundamentally, such contracts must actually indicate the parties' intent to deviate from § 1961." *Westinghouse Credit Corp.*, 371 F.3d at 102.

Here, the parties selected state law by merely providing,

> This Subcontract and the rights and obligations of the Parties hereunder shall in all respects be governed by and enforced in accordance with the internal laws of the State of New York U.S.A. (without regard to conflicts of laws principles of such state) including all matters of construction, validity[,] and performance.

(Wright Decl., Ex. 1). Such a blanket statement is not sufficiently specific to disclaim the applicability of § 1961. *Cf. Soc'y of Lloyd's* v. *Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005) ("[A]greeing to be bound by [foreign] law does not amount to agreeing to a particular post-judgment interest rate."); *accord Budejovicky Budvar, N.P.* v. *Czech Beer Imps., Inc.*, No. 3:05CV1246 (JBA), 2006 WL 1980308, at *6-7 (D. Conn. July 12, 2006). "The general rule under New York and federal law is that a debt created by contract merges with a judgment entered on that contract," thus extinguishing the contract debt and leaving only the judgment debt. *Westinghouse Credit Corp.*, 371 F.3d at 102. For parties to override this general merger rule and select a particular post-judgment interest rate, "they must express such intent through 'clear, unambiguous and unequivocal' language." *Id.* (citation omitted). No such intent appears here. Therefore, § 1961 controls the interest rate applicable to any unpaid amounts after the entry of judgment in this case.

### iii. Arbitral Compensation and Expenses

Finally, the compensation and expenses for the arbitral panel amounted to $4,040.00 (Wright Decl., Ex. 3), and the contract between the parties provided that "[t]he costs and expenses of arbitration shall be borne equally by

11

the Parties" (Wright Decl., Ex. 1). The Court therefore confirms the arbitrator's award of $2,020.00, half of the total amount, for compensation and expenses.

## CONCLUSION

Petitioner's motion to confirm the arbitration award is GRANTED in part. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: October 4, 2017
        New York, New York

                                    KATHERINE POLK FAILLA
                                    United States District Judge